

NUMBERS 13-09-00509-CR
13-09-00510-CR

# COURT OF APPEALS

# THIRTEEN DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

ALESSANDRA PENNA,                                                    Appellant,

v.

THE STATE OF TEXAS,                                                   Appellee.

On appeal from the 117th District Court
of Nueces County, Texas.

# MEMORANDUM OPINION

## Before Chief Justice Valdez and Justices Yañez and Garza
## Memorandum Opinion by Justice Garza

Appellant, Alessandra Penna, was charged by indictment with two counts of aggravated robbery, a first degree felony, and one count of intentionally or knowingly causing bodily injury to an elderly individual, a third degree felony.[1]  *See* TEX. PENAL CODE ANN. § 22.04(a)(3) (Vernon Supp. 2009), § 29.03(a)(2) (Vernon 2003).  Penna pleaded guilty to the offenses on April 27, 2007 and was placed on deferred adjudication

---

[1] In appellate cause number 13-09-00509-CR, Penna appeals the trial court's judgment in trial court cause number 07-CR-0454-B, adjudicating her guilty of one count of aggravated robbery and one count of causing injury to an elderly individual.  In appellate cause number 13-09-00510-CR, Penna appeals the trial court's judgment in trial court cause number 07-CR-0539-B, adjudicating her guilty of one additional count of aggravated robbery.

community supervision for a period of ten years. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 5(a) (Vernon Supp. 2009). On June 2, 2009, the State filed a motion to revoke Penna's community supervision, alleging that she had committed six different violations of the terms of her community supervision. Penna pleaded "true" to four of the allegations contained in the motion. She was then adjudicated guilty of the underlying offenses, and was sentenced to thirty years' imprisonment for each of the the aggravated assault counts and ten years' imprisonment for the injury to an elderly individual count, with the sentences ordered to run concurrently. The trial court certified Penna's right to appeal, and this appeal followed. We affirm.

## I. *ANDERS* BRIEF

Penna's court-appointed appellate counsel has filed a motion to withdraw and a brief in support thereof in which he states that he has diligently reviewed the entire record and that there are "no non-frivolous issues" that can be raised on appeal. *See Anders v. California*, 386 U.S. 738 (1967). Counsel discusses five issues that could be potentially raised on appeal: (1) that the trial judge should have been disqualified due to an alleged relationship with one of the victims; (2) that the evidence was insufficient to support the State's allegation, made in its motion to revoke, that Penna was associated with a gang; (3) that the evidence was insufficient to support the State's allegation, made in its motion to revoke, that Penna possessed a switchblade; (4) that the trial court erred by failing to appoint new counsel for purposes of the revocation hearing; and (5) that Penna was afforded ineffective assistance by her trial counsel. Penna's appellate counsel concludes, however, that these five issues lack merit and that any appeal in this case would be frivolous. Counsel's brief therefore meets the requirements of *Anders* as it presents a professional evaluation showing why there are no arguable grounds for advancing an appeal. *See In re Schulman*, 252 S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008) (orig. proceeding); *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991) (en banc).

In compliance with *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978), counsel has carefully discussed why, under controlling authority, there are no errors in the trial court's judgment. Counsel has informed this Court that he has (1) examined the record and has found no arguable grounds to advance on appeal, (2) served a copy of the brief and motion to withdraw on Penna, and (3) informed Penna of her right to review the record and to file a pro se response.[2] *See Anders*, 386 U.S. at 744; *Stafford*, 813 S.W.2d at 510 n.3. More than an adequate time has passed, and no pro se response has been filed.

## II. INDEPENDENT REVIEW

Upon receiving an *Anders* brief, we must conduct a full examination of all the proceedings to determine whether the case is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988). We have reviewed the record and find that the appeal is wholly frivolous and without merit. *See Bledsoe v. State*, 178 S.W.3d 824, 827-28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion it considered the issues raised in the brief and reviewed the record for reversible error but found none, the court of appeals met the requirements of Texas Rule of Appellate Procedure 47.1."); *Stafford*, 813 S.W.2d at 509. Accordingly, we affirm the judgments of the trial court.

## III. MOTION TO WITHDRAW

In accordance with *Anders*, Penna's counsel has filed a motion to withdraw. *See Anders*, 386 U.S. at 744; *see also In re Schulman*, 252 S.W.3d at 408 n.17 (citing *Jeffery v. State*, 903 S.W.2d 776, 779-80 (Tex. App.–Dallas 1995, no pet.) ("If an attorney believes the appeal is frivolous, he must withdraw from representing the appellant. To withdraw from representation, the appointed attorney must file a motion to withdraw accompanied

---

[2] The Texas Court of Criminal Appeals has held that "the pro se response need not comply with the rules of appellate procedure in order to be considered. Rather, the response should identify for the court those issues which the indigent appellant believes the court should consider in deciding whether the case presents any meritorious issues." *In re Schulman*, 252 S.W.3d 403, 409 n.23 (Tex. Crim. App. 2008) (quoting *Wilson v. State*, 955 S.W.2d 693, 696-97 (Tex. App.–Waco 1997, no pet.)).

by a brief showing the appellate court that the appeal is frivolous.") (citations omitted)). We grant the motion to withdraw.

We further order counsel to, within five days of the date of this opinion, send a copy of the opinion and judgment to Penna and advise her of her right to file a petition for discretionary review.[3] *See* TEX. R. APP. P. 48.4; *see also In re Schulman*, 252 S.W.3d at 412 n.35; *Ex parte Owens*, 206 S.W.3d 670, 673 (Tex. Crim. App. 2006).

_____
DORI CONTRERAS GARZA,
Justice

Do Not Publish.
TEX. R. APP. P. 47.2(b)
Delivered and filed the
12th day of August, 2010.

---

[3] No substitute counsel will be appointed. Should Penna wish to seek further review of this case by the Texas Court of Criminal Appeals, she must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing that was overruled by this Court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with this Court, after which it will be forwarded to the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3, 68.7. Any petition for discretionary review must comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.4.